SM

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

John F. Johnson #R71062

_____

_____

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

vs.

Dr. Saleh Obaisi

Dr. Martija

Wexford Health Care Inc

_____

_____

(Enter above the full name of ALL
defendants in this action. Do not
use "et al.")

1:18-cv-01204
Judge Matthew F. Kennelly
Magistrate Judge Jeffrey Cole
PC-11

Case No:_____
(To be supplied by the Clerk of this Court)

**RECEIVED**

FEB 1 5 2018

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**CHECK ONE ONLY:**

☒　　　**COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983
U.S. Code** (state, county, or municipal defendants)

_____　　**COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE
28 SECTION 1331 U.S. Code** (federal defendants)

_____　　**OTHER** (cite statute, if known)

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR
FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.*

**I.** **Plaintiff(s):**

    A.    Name: John F. Johnson

    B.    List all aliases: N/A

    C.    Prisoner identification number: R71062

    D.    Place of present confinement: Stateville Correctional Center

    E.    Address: P.O. Box 112 Joliet, IL 60434

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

**II.** **Defendant(s):**

(In **A** below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in **B** and **C**.)

    A.    Defendant: Dr. Saleh Obaisi

        Title: Doctor / Medical Director

        Place of Employment: Stateville Correctional Center

    B.    Defendant: Dr. Martija

        Title: Doctor / Medical Director

        Place of Employment: Stateville Correctional Center

    C.    Defendant: Wexford Health Care Services Inc.

        Title: Health Care Provider

        Place of Employment: Stateville Correctional Center

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

2

Revised 9/2007

III. List all lawsuits filed in any state or federal court in the United States:

A. Name of case and docket number: John Johnson v. DuPage County Jail : 10 C 3135

B. Approximate date of filing lawsuit: August 2010

C. List all plaintiffs : John Johnson

D. List all defendants: DuPage County Jail

E. Court in which the lawsuit was filed; Federal Court - Northern District

F. Name of judge to whom case assigned; Joan Gottschall

G. Claim made: Violation of 8th amendment.

H. Disposition of case: dismissed without prejudice, no appeal.

I. Approximate date of dismissal: February 2011.

(3)

III, continued.

A. Name of case and docket number: John Johnson v. Dupage County State's attorney: 10 C: 7509

B. Date of filing lawsuit: October 2010.

C. List all plaintiffs: John Johnson

D. List all defendants: Joseph Birkett

E. Court in which the lawsuit was filed: Federal Court - Northern District

F. Name of judge to whom the case assigned: Ronald Guzman

G. Claim made: Illegal Search and Seizure Violation of 4th amendment.

H. Disposition of case: dismissed without prejudice, no appeal.

I. Date of disposition: April 11, 2011.

(4)

IV. Complaint Pursuant to 42 U.S.C. § 1983 : Statement of Claim

Now comes the plaintiff, John F. Johnson R71062 through his complaint against defendants Saleh Obaisi, Dr. Martija, and Wexford Health Services Incorporation and states the following:

## Nature of this Action

This is a claim for a violation of Plaintiff's civil rights as protected by the 8th and 14th Amendments of the Constitution and laws of the United States under 42 U.S.C. § 1983, 85, and 86 for deliberate indifference by the defendants by and through their failure to provide adequate medical care and/or delay in providing adequate medical care which has caused continuing harm to plaintiff. This is a civil action for monetary damages and injunctive relief for defendants' deprivation of Plaintiff's rights by their rights by their deliberate indifference to his serious medical needs resulting in Plaintiff's continuing unnecessary and unreasonable

(5)

pain and suffering. Defendant's continuous failures to treat and identify plaintiff's serious chronic health issues which he suffered while in Defendant's care and custody as an inmate at Stateville Correctional Center constitutes violations of plaintiff's rights under the 8th amendment of the United States Constitution made applicable to the states by the 14th amendment. U.S. Constitution amendments 8 and 14.

## Jurisdiction and Venue

This action is brought in part to 42 U.S.C. § 1983 for deprivation of Plaintiff's constitutional civil rights, jurisdiction is therefore appropriate under 28. U.S.C. § 1331 and 1343 (a)(3). Injunctive relief and monetary damages are authorized pursuant to 28 U.S.C. § 2201, 2202, 2284.

The claims asserted herein arose in the Northern District of Illinois and Venue is therefore proper under 28. U.S.C, § 1391 (b)(2)

(6)

Plaintiff has filed numerous grievances regarding these continuing constitutional violations seeking his constitutionally protected medical treatment and personally notifying defendants of these continuing violations. Through these grievances, he has exhausted any required administrative remedies. Attached hereto and incorporated herein by reference as Exhibit A are the grievance filed by Plaintiff and for medical treatment sought and denied through the fully exhausted grievance procedure.

## Parties

5. Plaintiff John F. Johnson ("Plaintiff or John) is a 60 year old who has been incarcerated at Stateville since October 3, 2010. While he has been incarcerated, he has been unable to select or provide for his own medical care.

## Allegations

6. Defendant Wexford Health Services, Inc (Wexford) is a profit corporation with its headquarters in Pennsylvania, and

(7)

is transacting business in Illinois. Wexford pursuant to contract with the State of Illinois is a healthcare provider for IDOC prisons throughout Illinois. At all material times, Wexford has been engaged in the practice of medicine through its contract with the IDOC at Stateville where it has been the exclusive provider of medical care for inmates incarcerated there including Plaintiff. At all times relevant to the events at issue in this case, Wexford was responsible for the implementation, oversight and supervision of policies and practices at Stateville and the IDOC. As an agent of the IDOC, Wexford was at all times relevant to the events at issue in this case acting under color of law by and through lawful agents including Saleh Obaisi M.D. ("Obaisi") and Dr. Martija ("Martija").

7. Defendants Obaisi and Martija at all material times hereto has been a physician licensed to practice medicine in the State of Illinois and employed by Defendant

(8)

Wexford, and was responsible for all health care provided by Wexford and was responsible for ensuring timely and efficient responses to inmates' health care needs, the creation, implementation, oversight and supervision of policies, practices and procedures regarding medical care at Stateville, the training of IDOC and Wexford staff at Stateville on providing medical care to prisoners, and providing prisoners access to medicine at Stateville. Obaisi and Martija are sued in their individual capacities. At all material times hereto, Obaisi and Martija has been acting under the color of state law and within the scope of their employment.

8. Plaintiff has been suffering from severe pain to his right hand and shoulder after he was incarcerated at Stateville. The following describes some of the Plaintiff's attempts to obtain medical treatment for his nerve damage and lipoma and the responses by the staff at Stateville, Wexford, and the IDOC Administrative Review Board;

9) In 2014, Plaintiff began to experience

(9)

numbness, tingling and pain in his right hand.
He file several requests to see a medical
professional. He was sent back to his cell
and was told by staff that it wasn't nothing,
he was getting older and given tylenol.
b) On July 10, 2015, Plaintiff completed another
offender's request form for medical treatment.
c) On or about August 2015, plaintiff was seen
by Dr. Martija for his annual physical and
complained about his hand and shoulder. He
was prescribed tylenol for the pain, however,
this did not help the pain or resolve the
issue. Plaintiff continued to see Dr. Martija
regarding these issues on February 8, 2016,
March 31, 2016, and April 21, 2016.
D). On April 27, 2016, Plaintiff was seen by
Dr. Obaisi for treatment of the mass (lipoma)
on his right shoulder. He advised Dr. Obaisi
of his right hand injury. Obaisi advised
the plaintiff he would have the mass (lipoma)
removed due to the fact that the mass had
increased in size.
E) On November 8, 2016, Obaisi referred
Plaintiff to UIC for an evaluation of
the right hand. Plaintiff was scheduled for

(10)

further testing.

F. On December 13, 2016, plaintiff went to see a Neurologist. He conducted many tests and diagnosed the plaintiff that he had severe ulnar nerve damage to the right hand. The nerve must be decompressed requring immediate surgery. The damage to the muscles and tissues to the right hand is permanently damaged. The plaintiff will have a permanent scar, arthritis, muscle and tissue deterioration and claw hand due to the negligence of Stateville. The left arm of the plaintiff was diagnosed as moderate requiring surgery in the near future.

G. On December 27, 2016, plaintiff was given a wrist brace but the pain continues to exist. Plaintiff was prescribed tylenol.

9. The mass on Plaintiff's shoulder continued to increase in size and causes severe pain and issues lying on the shoulder when sleeping. The following describes his attempts to obtain medical treatment for the issue and responses by Stateville, Wexford, and IDOC Administrative Review Board;

a) During the years of 2013 to 2017, plaintiff

(11)

completed numerous requests and letters regarding the mass on his right shoulder. This can be confirmed through medical charts.

b) On April 6, 2017, plaintiff seen by nurse at Stateville regarding the mass on the shoulder. He continued to complain of the pain and difficulty sleeping. Nurse set a follow up appointment for two (2) weeks to see Dr. Obaisi.

c) On April 27, 2016, Dr. Obaisi measured the lump and agreed that the mass increased in size and he would report the issue to Wexford to have the mass removed.

D) On 10/17/2016, plaintiff met with Dr. Obaisi who informed him that he was scheduled for a biopsy of the mass. This did not occur and to this day, a biopsy has never been performed. Plaintiff requested numerous follow up examinations and requested a "cancer test" that was never performed, the mass has increased in size; tender to touch; and becoming more non-mobile. A biopsy was never performed to rule out cancer.

10. Over the last 7 years of incarceration, Plaintiff made repeated complaints of pain to his right

(12)

hand and shoulder, has requested numerous biopsies to test for cancer, and begged for an evaluation by a surgeon to have both the hand and shoulder treated.

11. When Johnson addressed the surgical removal of his shoulder mass with Dr. Obaisi, he was told that the concern was keeping spending down.

12. Plaintiff sent several grievances to the Warden regarding his medical issues because he feared the mass was cancerous. The majority of these grievances were rejected citing procedural errors such as untimely submission or not an emergency. The Warden claimed that Plaintiff appears to be receiving appropriate medical care at this time (See Exhibit A).

13. Plaintiff has sent several notices to IDOC Administrative Review Board regarding these complaints.

14. Plaintiff sent several requests to Dr. Obaisi in his capacity as the Medical Director

(13)

begging for the removal of the mass, and a biopsy of the mass. No tests or surgery were performed.

15. During his incarceration, plaintiff was seen by Dr. Obaisi and other Wexford employees related to his medical complaints. He received tylenol (only) but advised the staff numerous times that these treatments do not treat his pain or his underlying issues.

16. Plaintiff's complaints of his right hand and shoulder continues to occur. The pain is constant and interferes with his ability to perform daily tasks. He can't lie down without excruciating pain.

17. The medical treatment provided to plaintiff has not been effective in treating his medical complaint and conditions.

18. Plaintiff's repeated requests to be seen by a surgeon and neurologist and to have the biopsy performed have been denied by the defendants.

(14)

19. Since his arrival in 2010, defendants have been aware of plaintiff's medical issues and complaints and have not provided him treatment to effectively resolve the pain.

20. Defendant Wexford's policies and procedures specify that an inmate should be referred to a neurologist for nerve issues and an urologist if the patient has mass or chronic pain. His consultation has been denied to see a urologist for 3-5 years.

21. Upon information and belief because of Wexford's policy of not properly diagnosing and not treating his nerve pain and mass (lipoma), a practice developed at Stateville among the medical and other staff not to document the inmates' complaints. Further medical and other staff developed a practice not to request or order necessary treatment or diagnostic procedures they know Wexford and other defendants' would not approve; and not to refer inmates for outside consultations with specialists they knew defendants Wexford and/or other defendants

(15)

would not approve.

22. Because Stateville does not have MRI equipment, inmates requiring an MRI diagnosis must be referred to an off-site medical facility such as the University of Illinois Medical Center.

23. Upon information and belief, because the doctors at Stateville are not certified specialists in Urology, Neurology or General Surgery, inmates requiring these consults must be referred to off-site specialists at an off-site medical facility.

24. Plaintiff has informed Stateville officials; Dr. Martija; Dr. Obaisi; and Wexford of his symptoms and complaints during his many appointments and by filing multiple grievances regarding these symptoms and complaints. Despite his persistent condition and complaints, he has not been given effective treatment for his conditions and pain.

(16)

Constitutional Violations pursuant to 42 U.S.C. Sect 1983: Count 1

25. Plaintiff adopts and incorporates paragraphs 1-24 herein referenced as if fully restated here.

26. Dr. Obaisi during pertinent times of his care and treatment of plaintiff's hand and shoulder in part because he believed Wexford and IDOC Warden and Directors would not approve necessary evaluations and treatment, committed one or more of the following acts of deliberate indifference and reckless disregard of the serious medical needs of Plaintiff:

a) Did not order procedures necessary to diagnose the cause of plaintiff's shoulder mass.

b) did not timely order necessary and appropriate medical follow-up appointments or treatments including consults by urological, neurological, and general surgeon specialists, MRI's and biopsies.

(17)

C) Persistently ordered inappropriate and inadequate medical treatments and medications.

D) Deliberately denied necessary evaluation and treatment of plaintiff's shoulder mass issues to reduce the expense to Wexford's engaging of off-site specialists for inmates medical care.

E) Ignored repeated requests by RNs, Physician Assistants and other medical staff to evaluate Plaintiff.

F) Ignored or delayed plaintiff's request for evaluation and treatment.

G) Failed to accurately update Plaintiff's medical chart based on complaints.

H) Changed his treatment recommendations to appease Wexford;

I) Failed to timely reschedule appointments that were missed due to no fault of the Plaintiff and;"

(18)

J) Was otherwise deliberately indifferent to the serious medical needs of plaintiff.

27) As a direct and proximate result of one or more of the foregoing acts of deliberate indifference and reckless disregard, Plaintiff was caused and continues to suffer undue pain and suffering, disability and loss of a normal life. Plaintiff has been and continues to be deprived of rights, privileges and immunities guaranteed by the 8th amendment to the United States Constitution and specifically subjected to cruel and unusual punishment.

Constitutional Violations pursuant to 42 U.S.C. Sect 1983; Count 2

28. Plaintiff adopts and incorporates herein paragraphs 1-27 by reference as if fully restated here.

29. Defendant Wexford has at pertinent times hereto, certain policies, procedures and practices;

(19)

A) To not refer inmates with serious medical needs to off-site specialists for evaluations and treatment.

B) To refuse to refer inmates with serious medical needs to off-site specialist for evaluation and treatment when recommended by other health care providers.

C) To refuse to refer inmates with serious medical needs to off-site specialists for evaluation and treatment when requested by the inmate.

D) To ignore inmates serious medical needs which might require off-site evaluation and treatment.

E) To advise inmates that their medical needs are less serious than they may be to avoid additional treatments or specialist treatment.

F) To refuse to order MRI's which require site treatment.

(20)

G) To refuse to order general surgeon consultations which require off-site treatment.

H) To refuse to order neurologist consultations which require off-site treatment.

I) To provide an inadequate number of physician and other health care providers to evaluate and treat inmates.

J) To provide inadequate and ineffectual medical care and treatment.

K) To not document inmate complaints or signs and symptoms of illnesses and conditions which Wexford and the IDOC, by way of their policies, procedures, and practices would not diagnose or treat and:

L) To be otherwise deliberately indifferent to inmates' including Plaintiff's serious medical needs.

30. As a direct and proximate result of one or more of the following acts of

(21)

deliberate indifference and reckless disregard, Plaintiff was caused and continues to suffer undue pain and suffering disability, and loss of a normal life. Plaintiff has been and continues to be deprived of rights, privileges and immunities guaranteed by the 8th amendments to the United States Constitution and specifically subjected to cruel and unusual punishment.

31. Since at least 2010, Wexford agents and employees saw Plaintiff on numerous occasions for complaints of a mass (lipoma) on his right shoulder, and right hand pain.

32. Wexford is liable for the actions of its employees acting within the scope of their employment.

33. Wexford as a private corporation acting under color of state law, should additionally be held liable under 42 U.S.C. Sect 1983 for the conduct of its employees acting within the scope of their employment.

(22)

34. This is a Civil Rights Act seeking injunctive Relief and monetary damages against the defendants who acted with deliberate indifference by not providing the proper standard of care, Committing acts contrary to law depriving Plaintiff of his rights guaranteed by the U.S. Constitution of America and Civil Rights Act 42 U.S.C. Sect 1983.

In the above complaint, the plaintiff has requested copies of his medical records from the Medical Records Office here at Stateville Correctional Center since August 3, 2017. Plaintiff has not received a response from the Record's Office. Plaintiff prays that the Court place an order to receive plaintiff's medical records. All factual information is contained in the plaintiff's medical records.

On June 9, 2017, plaintiff had ulnar nerve surgery on the right arm and hand. As of November 2017, the plaintiff is in physical therapy to rehabilitate the tissues and muscles that has deteriorated due to the compression of the ulnar nerve. Plaintiff

(23)

Continues to suffer from lack of sleep and pain due to lipoma on his right shoulder. Plaintiff is currently being treated with tylenol for pain.

V. Relief. State briefly exactly what you want the court to do for you. Make no legal arguments, cite no cases or statutes.

Wherefore, plaintiff respectfully requests this court enter judgment in his favor against the defendants for an amount in excess of $200,000 in compensatory and punitive damages, injunctive relief compelling defendants to refer plaintiff for necessary diagnostic tests, outside specialists, consults by a neurologist, urologist and general surgeons, a MRI and therapeutic treatment, including surgery if found to be medically necessary. Cost and attorney fees due under the Civil Rights statutes and Federal Rules of Civil Procedure, any other relief this court deems just and appropriate.

(24)

VI. The plaintiff demands that the case be tried by a jury ☒ yes ☐ no

## Certification

By signing this complaint, I certify the facts in this complaint are both true and current to the best of my knowledge, information and belief. I may be subject to sanctions by this court.

Signed this ___7th___ day of __February__, 2018.

John F. Johnson
John F. Johnson
#R71062
P.O. Box 112
Joliet, IL 60434

(25)

IN THE

_United States District Court_

_Northern District of Illinois_

John F. Johnson )
**Plaintiff/Petitioner** )
)
)
Vs. )
Wexford HealthService, Dr. Martija )
Dr. Saleh Obaisi )
**Defendant/Respondent** )

No._____

## PROOF/CERTIFICATE OF SERVICE

TO: Prisoner Correspondent/Clerk
United States District Court
219 S. Dearborn St. 20th Floor
Chicago IL 60604

TO: _____
_____
_____
_____

PLEASE TAKE NOTICE that at: __10__ AM/**PM** __February 8th__, 20_18_, I placed the documents listed below in the institutional mail at _Stateville_ Correctional Center, properly addressed to the parties listed above for mailing through the United States Postal Service.

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/1-109 I declare, under penalty of perjury that I am a named party in the above action, that I have read the above documents, and that the information contained therein is true and correct to the best of my knowledge and belief.

DATED: _February 8th, 2018_

/s/ _John F. Johnson_
Name: _John F Johnson_
IDOC No. _R71062_
_Stateville_ Correctional Ctr.
POB _112_
_Joliet,_ , IL

Revised 4/15/16

Exhibits

Exhibit A is the grievance and ARB response to the issue stating the grievance was received 80 days past the date of the Chief Administrative Officer's decision.

B-629

ILLINOIS DEPARTMENT OF CORRECTIONS

## Administrative Review Board
## Return of Grievance or Correspondence

Offender: _Johnson_     _John_     _R71062_
Last Name          First Name          MI          ID#

Facility: _Sta_

☑ Grievance: Facility Grievance # (if applicable) _437+ #128_ Dated: _1/18/17_ or ☐ Correspondence: Dated: _____

Received: _12/1/17_ Regarding: _TX hand (r) Since 2014_
Date

The attached grievance or correspondence is being returned for the following reasons:

---

**Additional information required:**

☐ Provide your original written Offender's Grievance, DOC 0046, including the counselor's response, if applicable.

☐ Provide a copy of the Response to Offender's Grievance, DOC 0047, including the Grievance Officer's and Chief Administrative Officer's response, to appeal; if timely.

☐ Provide dates when incidents occurred.

☐ Unable to determine nature of grievance or correspondence; submit additional specific information. Please return the attached grievance or correspondence with the additional information requested to: Administrative Review Board
Office of Inmate Issues
1301 Concordia Court, Springfield, IL 62794-9277

---

**Misdirected:**

☐ Contact your correctional counselor or Field Services regarding this issue.

☐ Request restoration of Statutory Sentence Credits to Adjustment Committee. If the request is denied by the facility, utilize the offender grievance process outlined in Department Rule 504 for further consideration.

☐ Contact the Record Office with your request or to provide additional information.

☐ Personal property and medical issues are to be reviewed at your current facility prior to review by the Administrative Review Board.

☐ Address concerns in a letter to: Illinois Prisoner Review Board, 319 E. Madison St., Suite A, Springfield, IL 62706

---

**No further redress:**

☐ Award of Supplemental Sentence Credits are discretionary administrative decisions; therefore, this issue will not be addressed further.

☐ Administrative Transfer denials are discretionary administrative decisions; therefore, this issue will not be addressed further.

☐ Not submitted in the timeframe outlined in Department Rule 504; therefore, this issue will not be addressed further.

☑ Administrative Review Board received the appeal 30 days past date of Chief Administrative Officer's decision; therefore, this issue will not be addressed further.

☐ This office previously addressed this issue on _____
Date

☑ No justification provided for additional consideration.

---

Other (specify): _1st time rec'd here._

---

Completed by: _Sherry Benton_          _S. Benton_          _12/6/17_
Print Name                    Signature                    Date

Distribution: Offender
Inmate Issues

*Printed on Recycled Paper*

DOC 0070 (Rev.5/2017)

Exhibit A

Committed Person: John F. Johnson

ID #: R71062

Nature of Grievance: Medical Treatment

**Facts Reviewed:** On a grievance dated 1/18/17 offender claims that he began experiencing numbness in his right hand around 2014. Offender claims that he was seen by medical staff about this issue in 2014, August 2015, 2/8/16, 3/21/16, 4/27/16 and was sent to UIC to see a neurologist on 11/8/16 and again on 12/13/16. Offender also claims that there is a fatty deposit on his right shoulder which he would like to be surgically removed.

Grievance Officer finds that according to Health Care Unit staff "After reviewing offender's medical record. The offender has been seen several times regarding his hand. He was seen at UIC on 12/13/16 and referred to hand surgeon. It has been approved but no date yet. There is no notation in his chart at this time regarding the lump on his shoulder within the last year. If the offender is having issues with the lump he needs to sign up for sick call."

*This Grievance Officer has no medical expertise or authority to contradict the doctor's/DON's/RN's recommendation / diagnosis.*

**Recommendation:** No action as grievant appears to be receiving appropriate medical care at this time.

David Mansfield, CCII
_____
Print Grievance Officer's Name

_____
Grievance Officer's Signature

(Attach a copy of Committed Person's Grievance, including counselor's response if applicable)

---

**Chief Administrative Officer's Response**

Date Received: 4-2-17     ☑ I concur     ☐ I do not concur     ☐ Remand    over 30 days

Comments:

RECEIVED
DEC 01 2017
ADMINISTRATIVE
REVIEW BOARD

4-2-17

_____
Chief Administrative Officer's Signature

4-2-17
Date

---

**Committed Person's Appeal To The Director**

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [ ] Staff Conduct
- [ ] Transfer Denial by Facility

- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator

- [ ] Restoration of Good Time
- [x] Medical Treatment

- [ ] ADA Disability Accommodation
- [ ] HIPAA
- [ ] Other (specify): _____

- [ ] Disciplinary Report: ____/____/____    FEB 24 2017    STA# 437
  Date of Report                        Facility where issued
                          4128
                    STA# _____

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:

**Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
**Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by Counselor.
**Chief Administrative Officer,** only if EMERGENCY grievance.
**Administrative Review Board,** only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Summary of Grievance** (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved): _____

On or about 2014, I had numbness in my right hand and I signed up for sick call regarding this issue. I was referred to Dr. Martija. I explained to her I thought the numbness was due to the increase of my Levothyroxine. She told me that it could be due to the fact that I write too much or that I exercise too much. She told me that if it persist I should sign up for sick call. In August 2015, I had an annual physical conducted by Dr. Martija and told her that the hand was still giving me problems. I told her that I had

**Relief Requested:** Proper diagnosis of the hand and a prognosis by a specialist (neurologist) and if necessary surgery.

[x] Check **only** if this is an **EMERGENCY** grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

John Johnson                    R71062            1/18/17
Offender's Signature            ID#               Date

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

Date Received: 2/14/17    [ ] Send directly to Grievance Officer    [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: A copy of this grievance has been forwarded to the HCU for review and response. The original grievance has been forwarded to the grievance office. There is no need to send for copy to the grievance officer or the HCU. You will recieve a final response who the HCU responds to same

Print Counselor's Name  C. HARRIS    Counselor's Signature ____    Date of Response 2/14/17

RECEIVED
DEC 01 2017
ADMINISTRATIVE

---

**EMERGENCY REVIEW**

Date Received: 2/9/17    Is this determined to be of an emergency nature?

90 days to let her know. I put in to sick call in November and December 2015 but due to scheduling I did not see Dr. Martija. On 1/29/16 I put in for a sick call and was seen by Nurse McQueen and explained to her my issue. She referred me to Healthcare and was seen by P.A. Williams on 2/8/16. P.A. Williams referred me to x-ray and prediagnosed the issue as Degenerative Joint Disease, but wanted to make sure that no ligaments were torn. Tylenol was prescribed for pain. On March 2, 2016 I received a medical pass to follow up with P.A. Williams regarding the results of the x-ray but due to an administrative lockdown the appointment was rescheduled. On March 4, 2016 I received an appointment but the Cell House (D) was on restrictive movement. I finally met with P.A. Williams on March 21, 2016 and explained to her the deterioration of muscles and tissues in my right (dominant hand) and it was difficult to grip certain items and write. She told me she would refer me to see Dr. Obesi. I met with Dr. Obesi on or about April 27, 2016 and he would refer me to UIC to see a neurologist but this process could take months. On or about May 5, 2016 Counselor Mansfield told me that I had a medical hold when I inquired about a transfer. On or about November 8, 2016 I was sent to UIC to see a neurologist for the injured hand. He told me I would be brought back for testing to see if there is damage to the nerves from the neck to the hand or from the ulna to determine the deterioration of tissues and muscles and the contracting of the right fingers. On or about December 13, 2016 I went to UIC for further testing. I was also given a hand/wrist brace for the hand. I am schedule to go back to UIC for further diagnosing and prognosis per the meeting with Dr. Obesi. On 1/3/2017 sent a request to Mr. Mansfield requesting a copy of the previous grievance that I sent to him requesting a status of when I would be sent to UIC for testing/diagnosis (See Exhibit I). Finally, I advised P.A. Williams, Dr. Martija and Dr. Obesi of the fatty deposit on my right shoulder that I wanted surgically removed due to complications sleeping on my right side. No one has addressed

November 22, 2017

Administrative Review Board
P.O. Box 19277
Springfield, IL 62794-9277
Chief Administrative Officer

Dear! Chief Administrative Officer

On or about April 9, 2017, I sent the original grievance to the address above. As of today, I have not received a response from your office. I am sending another copy to your office for review. I look forward to hearing from you soon.

John Fi Johnson

RECEIVED
DEC 01 2017
ADMINISTRATIVE
REVIEW BOARD

Exhibit 1 B

January 3, 2017

To: Mr. David Mansfield

From: John Johnson #R71062 D-730

RECEIVED
DEC 01 2017
ADMINISTRATIVE
REVIEW BOARD

Re: Grievance (Medical)

During the months of December 2014 to possibly November 2015 I believe I filed a grievance regarding my right hand. I complained to Dr. Martija and she told me that it was arthritis and gave me a prescription of Tylenol. The numbness and pain progressed and I filed an emergency grievance. It was sent back to me that it was not an emergency, and I thought I sent it to you. I followed up with Dr. Martija in August 2015 during my annual physical exam and finally had an X-ray in February or March 2016 and then Dr. Obesi sent me to UIC to see a neurologist in November, 2016. Do you have a copy of this grievance? If you do, could you please send me a copy. In addition, may I please have a Trust

Fund Audit.

Thank You,

John Johnson # R41062
D-730

RECEIVED

DEC 01 2017

ADMINISTRATIVE
REVIEW BOARD

Exhibit 1 A

Stateville Correctional Center

P.O. Box 112

Joliet, IL 60434

IDOC INMATE
LEGAL MAIL

U.S. POSTAGE ≫ PITNEY BOWES

ZIP 60403 $ 007.25⁰
02 1W
0001394077 FEB 09 2018

1:18-cv-01204
Judge Matthew F. Kennelly
Magistrate Judge Jeffrey Cole
PC-11

RECEIVED
FEB 15 2018
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Prisoner Correspondent
United States District Court

219 S. Dearborn St.

20th Floor

Chicago, IL 60604

Legal
Mail


02/15/2018-20